UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RALPH L. GOLIDAY. | ) | CASE NO.    1: 06 CV 406 |
| | ) | |
| Petitioner. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon a Motion to Vacate. Set Aside or Correct

Sentence pursuant to 28 U.S.C. § 2255 filed by Ralph L. Goliday ("Petitioner").  (ECF #1.)

I.

On March 10. 2004, a jury returned a verdict of guilty against Petitioner on one count of

possession with intent to distribute crack cocaine and one count of possession with intent to

distribute powder cocaine. both in violation of 21 U.S.C. § 841(a)(1).  (Crim. Docket # 36.)[1]  On

June 3, 2004. Petitioner was sentenced to 240 months of incarceration.  (Crim. Docket # 39.)

On appeal to the United States Court of Appeals for the Sixth Circuit, Petitioner argued

that the search that the led to the discovery of the drugs violated his Fourth Amendment rights,

and that a firearm and bullet-proof vest were improperly admitted into evidence at trial.  (Crim.

Docket # 55 at 1.)  Petitioner further argued that his sentence was unconstitutionally increased

based on conduct not proved beyond a reasonable doubt in violation of the Sixth Amendment.

(*Id.*)  On June 8. 2005. the Sixth Circuit issued a decision affirming Petitioner's conviction and

sentence.  (*Id.*)

On February 22. 2006, Petitioner filed the present Motion to Vacate, Set Aside, or

---

[1] All citations to the Criminal Docket refer to Case No. 4:03-cr-00005.

Correct Sentence pursuant to 28 U.S.C. § 2255.  (ECF # 1.)  The Government filed a Response to Petitioner's § 2255 Motion on May 23, 2006.  (ECF #10.)  Petitioner's Motion is now ripe for review.

## II.

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255.  If a § 2255 motion, as well as the files and records of the case. conclusively show that the petitioner is not entitled to relief, then the court need not grant a hearing on the motion.  *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

## III.

In his Motion, Petitioner claims that his counsel was ineffective for four reasons.  First, Petitioner argues that his counsel failed to make a motion to suppress his statements and failed to object to hearsay offered at trial.  Second. Petitioner claims that his counsel should have raised arguments concerning selective prosecution and pleaded an outrageous conduct defense.  Third, Petitioner contends that his counsel failed to argue that the search was improper.  Fourth, Petitioner argues that his counsel failed to provide reasonable advice concerning whether he should accept a plea agreement.

In order to establish ineffective assistance of counsel. Petitioner must show that his

2

counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). After a thorough review of the record in this case, including Petitioner's arguments and the government's response to those arguments, the Court finds that Petitioner is unable to establish ineffective assistance of counsel with respect to any of the four arguments he advances. With respect to Petitioner's first argument, as explained by the government, the statements at issue were volunteered and were made when Petitioner was not under arrest. Moreover, Petitioner's counsel did, in fact, make the hearsay objections requested by Petitioner. As to Petitioner's second argument, concerning selective prosecution and an outrageous conduct defense, there exists no evidence in the record to suggest that the other individuals should have been arrested. Concerning Petitioner's third and fourth arguments, the record shows that the officers had reasonable grounds to proceed with the search absent a warrant, and Petitioner's counsel adequately informed him concerning his options with respect to a plea agreement. Because Petitioner is unable to demonstrate that he is entitled to relief pursuant to § 2255, Petitioner's Motion is DENIED.

## IV.

Because the files and records in this case conclusively show that Petitioner is not entitled to relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED. (ECF # 1.) Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P.

3

22(b).

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: June 30, 2006

4